[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Margaret Maunder and the defendant Anderson-Wilcox Builders, Inc. entered into a contract on September 2, 1995 whereby the plaintiff would sell to the defendant three lots under certain terms which are not relevant to the issues raised in this case.
The relevant provisions of the contract with respect to the issues raised are the following:
1. The defendant agreed to pay an initial deposit of $100 per a lot. (earnest money)
2. The defend ant agreed "to complete all required subdivision improvements, at [defendant's] sole expense on or before December 31, 1995, (except pavement apron which will be completed by August 31, CT Page 366 1996)."
3. The defendant agreed "to complete the clearing and grading three lots, ready for construction at its sole expenses on or before December 31, 1995."
4. If the defendant "does not purchase lots according to the schedule, [the plaintiff] may elect, if she so desires, to cancel the contract and there will be no obligation from either party from that point on."
5. If the defendant "defaults under this Agreement and the [plaintiff] is not in default, all initial and additional deposit funds provided in #3 [earnest money], whether or not [defendant] has paid the same, shall be paid over to and retained by [plaintiff] as liquidated damages, and both parties shall be relieved of further liability under this Agreement."
Upon entering into the contract the defendant did not pay the earnest money. Although, the plaintiff at the time of entering the contract did not demand the payment of this earnest money, the court finds that it should have been paid and it is now due and owing to the plaintiff.
The subject property was on a slope. The defendant was unable to market the property because of the slope. In October, 1995 the defendant began the process clearing, and grading the property including the removal of the slope. In the process, the defendant caused the fill it removed from the plaintiffs property to be deposited on another development owned by the defendant which was in need of such fill. The plaintiff was fully aware of the fact that the slope and trees were being removed but did not initially voice her objection.
In the late summer of 1996, the defendant's agent informed the plaintiff that the defendant had a purchaser for a lot (Parnoff lot), but the plaintiff refused to sell. Shortly thereafter, the plaintiff commenced this litigation.
The plaintiff pursues several causes of actions seeking damages. The plaintiff first points out that she never received the earnest money of $300. Certainly, the plaintiff is entitled to this initial deposit.
The plaintiff also seeks damages for what she claims was a breach of contract. on the part of the defendant for the failure to complete the subdivision improvements. The clause requiring the defendant to complete the subdivision improvements cannot be read in a vacuum. Sturman v.Sacha, 191 Conn. 1, 12 (1983) (we construe the contract as a whole),Levine v. Massey, 232 Conn. 272, 287 (1995) ("extrinsic evidence is CT Page 367 always available to be used for interpreting the intent of the parties"). Based upon reading of the contract as a whole and the evidence before this court, it is clear that the parties intended that the defendant was obligated to complete the subdivision improvements only if it purchased at least one lot.[1]
Nevertheless, even if the defendant breached the contract, the plaintiff is not entitled to damages but rather only a forfeiture of the earnest money for two reasons. First, the contract clearly provides for liquidated damage in the amount of the earnest money totaling $300. Second, by refusing to sell the "Parnoff" lot to the defendant, the plaintiff in effect elected "to cancel the contract" which triggered the clause in the contract that "there would be no obligation from either party from that point on."
Assuming, but without deciding, that the plaintiff proved the necessary elements for conversion and unjust enrichment, the plaintiff failed to prove damages. Approximately 1300 cubic yards of fill was removed from the plaintiffs property. The plaintiff's expert on the value of the fill testified it could have no value or that it may have had a value of up to $1.50 per cubic yard depending on the dynamics of the local market. At the time the fill was removed from the plaintiff's property, free fill was available because of construction taking place on a site off the Merritt Parkway in North Haven. Indeed, the defendant in order to complete his other project where the 1300 cubic yards of the plaintiffs fill was deposited, obtained 30,000 cubic yards of fill free of charge from this latter source. Furthermore, the fill was not of sufficient quality to be used as part of a structural foundation. Likewise, there was insufficient evidence pertaining to the value of the trees that were removed.
The plaintiff also failed to prove that the defendant, its officers or agents made negligent or intentional misrepresentations.
Finally, the plaintiff failed to prove that the defendant engaged in any deceptive, immoral, unfair and unscrupulous activities to support a cause of action under the Connecticut Unfair Trade Practice Act, General Statutes § 42-110.
The defendant cannot prevail on its counterclaim. When the plaintiff refused to sell the "Parnoff" lot to the defendant, she was, as the court previously noted, in effect exercising her option to "cancel" the contract, thereby invoking the clause that both parties be relived of further liability under the Agreement.
In sum, judgment may enter in favor of the plaintiff for $300 plus CT Page 368 costs, and in favor of the plaintiff on the cross complaint
Robert I. Berdon, Judge Trial Referee